1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

| George A. Toliver, | 2:16-cv-01807-JAD-NJK |
|---|---|
| Plaintiff | **Order Dismissing Case** |
| v. | |
| Nevada Department of Corrections, et al., | |
| Defendant | |

Former state prisoner, George A. Toliver, filed a civil rights complaint under 42 U.S.C. § 1983, and on August 4, 2017, I denied his application to proceed *in forma pauperis* for prisoners as moot because he was no longer incarcerated.[1] I ordered Toliver to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 no later than September 5, 2017.[2] The deadline has now expired, and he has not filed an application to proceed *in forma pauperis* for non-prisoners, paid the full filing fee, or otherwise responded to my order.

District courts have the inherent power to control their dockets and '[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4]

---

[1] ECF No. 21 at 2.

[2] *Id.*

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors weigh in favor of dismissal. The third factor also weighs in favor of dismissal because a presumption of injury arises from an unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[7] In my order requiring Toliver to file an application to proceed *in forma pauperis* for non-prisoners, I expressly warned him, "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result."[8]

It is therefore ordered that this action is dismissed with prejudice based on Toliver's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with my August 4, 2017, order.

The **Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.**

DATED: September 15, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33.

[8] ECF No. 21 at 2.